

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

## GREAT FALLS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR-08-63-GF-SEH |
| | ) | CV-10-50-GF-SEH |
| Plaintiff/Respondent, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| ALBERTO QUIROZ-MENDEZ, | ) | |
| | ) | |
| Defendant/Movant. | ) | |

On August 9, 2010, Defendant/Movant Alberto Quiroz-Mendez ("Quiroz"), a federal prisoner proceeding pro se, moved to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Quiroz also moved for leave to file an oversized brief.

## **PRELIMINARY SCREENING**

The Court must conduct a preliminary review of the § 2255 motion to determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); Rule 4(b), Rules

Governing Section 2255 Proceedings. It has done so.

## BACKGROUND

Quiroz was indicted on May 12, 2008, along with a co-Defendant Pedro Amescua-Lopez, on one count of conspiracy to possess methamphetamine with intent to distribute in violation of 21 U.S.C. §§ 846 and 841(a)(1) (Count I); one count of possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) (Count II); and one count of distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1) (Count III). All three counts involved more than 500 grams of a substance containing methamphetamine. All occurred between January 1, 2007, and April 13, 2008. A Pinkerton theory[1] and aiding and abetting, were pled with respect to Counts II and III. On August 6, 2008, after Amescua-Lopez pled guilty, the United States filed a Superseding Indictment naming only Quiroz as a Defendant. Superseding Indictment (Doc. 61).

June Lord was initially appointed to represent Quiroz. On July 21, 2008, Lord moved to withdraw on grounds Quiroz intended to retain counsel. Mot. to Withdraw (Doc. 50). The Court found at hearing that Quiroz's conduct had hampered Lord's ability to communicate with him. The appointment of new counsel was ordered. Trial was continued to August 26, 2008. Minutes (Doc. 55); Order (Doc. 56). On

---

[1] See Pinkerton v. United States, 326 U.S. 640, 647 (1946)

August 4, 2008, John Heenan was appointed to replace Lord. Order (Doc. 59).

Trial commenced on October 14, 2008. The jury found Quiroz guilty on all counts and found him responsible for 260 grams of a substance containing methamphetamine. Verdict (Doc. 109); Stipulation (Doc. 74).

Quiroz sought a two-level downward adjustment for minor role in the offense, U.S.S.G. § 3B1.2, and a sentence of 120 months, the mandatory minimum. Sentencing Mem. (Doc. 125). Total offense level was 32, based on 77 grams of actual methamphetamine. U.S.S.G. § 2D1.1(c)(4). With a criminal history category of II, the advisory guideline sentence range was 135-168 months. U.S.S.G. ch. 5, Part A (Sentencing Table). He was sentenced to serve 165 months in custody on all counts, to be followed by a five-year term of supervised release. Minutes (Doc. 129); Judgment (Doc. 130).

Quiroz appealed. The Ninth Circuit Court of Appeals affirmed the sentence. United States v. Quiroz-Mendez, No. 09-30053 (9th Cir. Oct. 22, 2009). The United States Supreme Court denied his petition for writ of certiorari. Quiroz-Mendez v. United States, __ U.S. __, 130 S. Ct. 1724 (2010).

## QUIROZ'S ALLEGATIONS

Quiroz alleges counsel was ineffective in several respects. First, counsel "could have but did not file a motion to suppress the evidence of the 'meth pipe'

3

seized from him at the time of his arrest." Mot. § 2255 at 14 ¶ 26. Second, counsel did not appeal the denial of a minor-role adjustment. Mot. § 2255 at 15 ¶¶ 32-33. Third, counsel should have challenged the "assault" conviction that resulted in two criminal history points because the sentence was "suspended" and because "[t]he crime was not 'assault' but, instead, a domestic violence case." Mot. § 2255 at 21 ¶ 63. Fourth, counsel should have advised him to proceed to a bench trial on stipulated facts, so that he could test the evidence while also preserving the possibility of a downward adjustment for acceptance of responsibility.

## ANALYSIS

Strickland v. Washington, 466 U.S. 668 (1984), sets the standards for claims alleging ineffective assistance of counsel. First, Quiroz must show that counsel's performance fell below an objective standard of reasonableness. Id. at 687-88. Second, he must show that he was prejudiced by counsel's errors. Id. at 693. To demonstrate prejudice Quiroz must show " a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Neither prong of the test is met.

### A. Motion to Suppress

There is no basis for concluding the meth pipe would have been suppressed. It was taken out of Quiroz's pocket when he was placed under arrest. Trial Tr. at

4

66:7-67:2. A custodial arrest of a suspect based on probable cause is a reasonable intrusion under the Fourth Amendment. Search incident to the arrest requires no additional justification. United States v. Robinson, 414 U.S. 218, 235 (1973). Second, the meth pipe was of minimal evidentiary significance. Quiroz admitted he used methamphetamine. He also had a glass vial containing methamphetamine residue in his bag. Amescua-Lopez testified that Quiroz used methamphetamine. The notion that Quiroz might have been acquitted were it not for admission of the pipe is insupportable. Counsel was not ineffective.

### B. Failure to Appeal Denial of Minor-Role Adjustment

Quiroz claims counsel erred when he did not appeal denial of his request for a minor-role adjustment. Mot. § 2255 at 15 ¶¶ 32-33. Amescua-Lopez testified at trial that Quiroz introduced him to a supplier of methamphetamine in Kennewick, Washington, who fronted them seven ounces. Trial Tr. (Doc. 119) at 96:15-98:11, 101:23. Quiroz was not less culpable than Amescua-Lopez. U.S.S.G. § 3B1.2 Application Note 5. Although the jury did not hold Quiroz responsible for the sixteen ounces of meth that Amescua-Lopez said he and Quiroz brought to Montana on their first two trips, the jury's decision means only that the drug quantity was not proven beyond a reasonable doubt. The final draft of the Presentence Report prepared by United States Probation did not recommend a minor-role adjustment. Presentence

5

Report ¶ 25. That an Appellate Court would have found error in the Court's refusal to apply a minor-role adjustment is most unlikely.

### C. Failure to Challenge Criminal History Points

Quiroz had a prior conviction for domestic violence for which he received a sentence of two years in custody, deferred, and two years' probation for that conviction. He was later ordered to serve 65 days in jail. Presentence Report ¶ 33. The conviction properly resulted in two criminal history points. See U.S.S.G. §§ 4A1.1(b), 4A1.2(b)(2), (c), (o).

### D. Failure to Recommend Bench Trial

Quiroz claims that counsel should have advised him to proceed to a bench trial on stipulated facts in order to test the evidence while preserving the possibility of a downward adjustment for acceptance of responsibility. There is no reason to believe the United States or the Court would have agreed to a bench trial. Fed. R. Crim. P. 23(a)(1)-(3). A bench trial is not viable as a means for contesting factual guilt and "preserv[ing] issues that do not relate to factual guilt." U.S.S.G. § 3E1.1 Application Note 2.

Quiroz's remaining claims of ineffective assistance of counsel consist of generic allegations unsupported by any facts. Mot. § 2255 at 20-22. They are all rejected as frivolous.

6

## CERTIFICATE OF APPEALABILITY

A certificate of appealability (COA) may issue only if the applicant has made a substantial showing of the denial of a constitutional right. See Hohn v.United States, 524 U.S. 236 (1998); Lambright v. Stewart, 220 F.3d 1022, 1024 (9th Cir. 2000). To obtain a COA, the movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The meth pipe seized incident to arrest had minimal evidentiary value. The possibility of Appellate Court mandated minor-role adjustment was most remote. The conviction from an incident of domestic violence, plainly counted in his criminal history score under U.S.S.G. §§ 4A1.1(b) and 4A1.2(b)(2), (c), and (o). A bench trial on stipulated facts was not a means to challenge the sufficiency of the prosecution's evidence and to obtain a downward adjustment for acceptance of responsibility (U.S.S.G. § 3E1.1 Application Note 2). Nor is it at all likely that the prosecution and the Court would have agreed to a bench trial under Fed. R. Crim. P. 23(a).

Quiroz's remaining claims are unsupported by facts. He has no colorable claim that his constitutional rights were violated. A COA is not warranted.

ORDERED:

1. Quiroz's Motion for Leave to File an Oversized Brief (Doc. 170-8) is GRANTED;

2. Quiroz' Motion to Vacate, Set Aside, or Correct Sentence (Doc. 169) is DENIED;

3. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Quiroz files a Notice of Appeal;

4. The Clerk of Court shall ensure that all pending motions in this case and in CV-10-50-GF-SEH are terminated and shall close the civil file by entering judgment in favor of the United States and against Quiroz.

DATED this 27th day of August, 2010.

/s/ Sam E. Haddon

SAM E. HADDON
United States District Judge